# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF LOUISIANA
# LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **HOOT SYSTEMS, LLC** | : | **CIVIL ACTION NO. 19-00957** |
| **VERSUS** | : | **JUDGE JAMES D. CAIN, JR.** |
| **COMAL CONCRETE PRODUCTS, INC.** | : | **MAGISTRATE JUDGE KAY** |

## MEMORANDUM RULING

Before the court is a Motion for a More Definite Statement filed by Hoot Systems, LLC ("Hoot"). Doc. 9. The motion is opposed by Comal Concrete Products, Inc. ("Comal"). Doc. 11.

For the reasons that follow, the motion is **DENIED**.

## I.
### BACKGROUND

Hoot filed suit in state court against Comal alleging, inter alia, breach of contract and sums due on open account. Doc. 1, att. 4, pp. 5-12. On July 24, 2019, Comal removed the suit to this court on the basis of diversity jurisdiction, 28 U.S.C. § 1332. Doc. 1. On July 31, 2019, Comal filed an Answer and Counterclaim. Doc. 6. In its counterclaim, Comal alleges violation of the Robinson-Patman Act, 15 U.S.C. § 13, sums due on open account, and defamation. *Id.*

In its motion before the court Hoot alleges that the claims for violation of the Robinson-Patman Act and for defamation in Comal's counterclaim are "ambiguous and fail[] to contain sufficient information such that Hoot is unable to draft responsive pleadings and to identify relevant defenses." Doc. 9, att. 1, p. 4. In opposition, Comal maintains that its counterclaim provides sufficient specificity and adequate notice of its claims for relief such that Hoot can frame a response.

## II.
### LAW AND ANALYSIS

A court should grant a motion for a more definite statement pursuant to Fed.R.Civ.P. 12(e) when the pleading at issue "is so vague or ambiguous that the party cannot reasonably prepare a response." The motion must state the defects in the pleading and the details desired. Fed.R.Civ.P. Rule 12(e).

As Comal notes in opposition to the motion, such motions should not be used as a substitute for discovery and are generally disfavored due to the liberal pleading standards set forth in Rule 8 of the Federal Rules of Civil Procedure. *Mitchell v. E-Z Way Towers, Inc.*, 269 F.2d 126, 132 (5th Cir. 1959). Rather, Rule 12(e) allows a party to request clarification when the pleadings do not "specify the allegations in a manner that provides sufficient notice" to the defense. *Swierkiewicz v. Sorema, N.A.*, 122 S.Ct. 992, 998 (2002). "Rule 12(e) motions, though disfavored, are necessary when the pleadings are unintelligible rather than suffer from a want of detail." *Tipton v. Reynolds*, 2013 WL 4854372, *2 (E.D. La. Sep. 10, 2013) (citations omitted). The decision to grant a Rule 12(e) motion is within the discretion of the trial court, and such motions are "universally deemed appropriate only when the pleading addressed is so vague it cannot be responded to." *Newcourt Leasing Corp. v. Regional Bio-Clinical Laboratory, Inc.*, 2000 WL 134700, *1 (E.D. La. Feb. 1, 2000) (citation omitted).

Hoot alleges that the counterclaim in this matter is deficient, and in need of a more definite statement under Rule 12(e), for two reasons: (1) the pleading is indefinite and general, and (2) it fails to set forth sufficient certainty of detail to apprise Hoot of a factual basis of the causes of action. Doc. 9, att. 1, p. 2. Specifically, it alleges that Paragraphs 10 and 11 of Comal's Robinson-Patman counterclaim make only broad, vague assertions of actions of Hoot with little or no reference to specific times or products involved. *Id.* at p. 5. It also alleges that Paragraphs 20 and 21 of Comal's

defamation claim fail to plead "specific words, specific publication, and specific plausible facts supporting an allegation of falsity, malice or fault." *Id.* at. p. 7.

Comal contends that its counterclaim identifies that essential elements for claims under both the Robinson-Patman Act and for defamation and a "reasonable party" would not be "left guessing the nature of the causes of action or their underlying factual bases." Doc. 11, p. 2. We agree.

We have reviewed the counterclaim filed by Comal and find that it sets forth the parties to the suit, a short description of its legal theories of recovery, a more detailed description of its allegations concerning its claims for violation of the Robinson-Patman Act and for defamation, and the relief it seeks. *See* Doc. 6. Comal's counterclaim is sufficiently detailed to allow the Hoot to formulate a responsive pleading. Any further detail required by Hoot may be sought during discovery. We thus find that the motion for a more definite statement should be denied

### III.
#### CONCLUSION

For the reasons stated, the Motion for a More Definite Statement [doc. 9] is **DENIED**.

THUS DONE this 31st day of December, 2019.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE