UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

HOOT SYSTEMS LLC                             CASE NO.  2:19-CV-00957

VERSUS                                       JUDGE JAMES D. CAIN, JR.

COMAL CONCRETE PRODUCTS INC        MAGISTRATE JUDGE KAY

MEMORANDUM RULING

Before the court is a Motion to Dismiss [doc. 16] filed by plaintiff Hoot Systems, LLC ("Hoot"), seeking dismissal under Federal Rule of Civil Procedure 12(b)(6) of counterclaims brought by Comal Concrete Products, Inc. ("Comal"). Comal opposes the motion. Doc. 24.

I.
BACKGROUND

This action arises from the business relationship between Hoot, a Louisiana limited liability company, and Comal, a Texas corporation. Hoot allegedly developed and patented the design for a residential aerobic waste treatment plant ("the LA-HOOT plant") and contracted with wholesalers, including Comal, to manufacture the concrete structures and sell the plants to installers around the United States. Doc. 1, att. 2, pp. 4–6. Under this agreement Hoot asserts that its profits came from the sale of electrical and plumbing kits to the wholesaler for use with the structures. *Id.*

Hoot further asserts that Comal began breaching the agreement in 2009 by fabricating its own plumbing kits and acquiring all non-Hoot denominated items from other

sources. *Id.* Despite its use of non-Hoot approved parts, Comal allegedly sold the waste treatment plants identified as "LA-HOOT plants" to installers. *Id.* Hoot became aware of these practices in late 2013. *Id.* at 7. The companies eventually came to a "commercial buy-back agreement" where, in order to make up the lost profits on the unpurchased kits, Comal would discount the rate it charged Hoot for large commercial castings. *Id.* The arrangement broke down, however, and Hoot changed its policy in order to only sell single, combined electrical and plumbing kits to Comal. *Id.* Comal resumed purchasing its kits from Hoot until early 2019, when it sent express notice of its intent to terminate the agreement. *Id.* at 7–8. During this period, Hoot maintains that Comal "was actively working to switch [its] customers and designers/engineers to the use of non-LA-HOOT Plant design." *Id.*

Hoot then brought an action for, inter alia, breach of contract and sums due on open account against Comal in the Fourteenth Judicial District Court, Calcasieu Parish, Louisiana. Comal removed the suit to this court based on diversity jurisdiction, 28 U.S.C. § 1332. It also filed counterclaims alleging (1) price discrimination in violation of § 2(a) of the Robinson-Patman Act, 15 U.S.C. § 13; (2) sums due on open account; and (3) defamation. Doc. 6. To this end it alleges that Hoot charged Comal's competitors a lower price for the LA-Hoot kits through the course of their business relationship and published defamatory statements against Comal in January and February of 2019. *Id.*

Hoot brought a motion for a more definite statement under Federal Rule of Civil Procedure 12(e), alleging that Comal failed to plead specific facts showing a plausible claim for defamation or price discrimination. Doc. 9. The magistrate judge disagreed and denied the motion. Doc. 13. Hoot did not appeal the ruling, but now moves to dismiss both

counterclaims under Federal Rule of Civil Procedure 12(b)(6). Docs. 16, 19. Comal opposes the motion. Doc. 24.

## II.
### LAW & APPLICATION

### A.  *Rule 12(b)(6)*

Rule 12(b)(6) allows for dismissal of a claim when a plaintiff "fail[s] to state a claim upon which relief can be granted." When reviewing such a motion, the court should focus on the complaint and its attachments. *Wilson v. Birnberg*, 667 F.3d 591, 595 (5th Cir. 2012). The court can also consider matters of which it may take judicial notice, including matters of public record. *Hall v. Hodgkins*, 305 Fed. App'x 224, 227 (5th Cir. 2008) (unpublished). Such motions are reviewed with the court "accepting all well-pleaded facts as true and viewing those facts in the light most favorable to the plaintiff." *Bustos v. Martini Club, Inc.*, 599 F.3d 458, 461 (5th Cir. 2010). However, "the plaintiff must plead enough facts 'to state a claim to relief that is plausible on its face.'" *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Accordingly, the court's task is not to evaluate the plaintiff's likelihood of success but instead to determine whether the claim is both legally cognizable and plausible. *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010).

### B.  *Application*

Hoot argues that the price-fixing counterclaim fails due to Comal's "failure to adequately allege appropriate facts" in support thereof. Doc. 19, pp. 8–12. It also maintains

that the defamation claim fails for reasons including Comal's lack of specific facts on the timing, source, and content of the statements. *Id.* at 12–15. These same allegations of vagueness were raised in Hoot's Rule 12(e) motion. The line between Rule 12(b)(6) and Rule 12(e)'s pleading standards is a blurry one, with parties frequently requesting relief in the alternative. Nevertheless, "an implausible claim may well be stated intelligibly enough to enable the framing of a response," allowing a claim that would survive Rule 12(e) to be vulnerable on a Rule 12(b)(6) motion. 5C Charles Alan Wright & Arthur R. Miller, Fed. Prac. & Proc. § 1376 (3d ed.).

### 1. *Robinson-Patman claim*

On the price-fixing counterclaim, Comal has alleged that Hoot sold similar LA-HOOT kits to purchasers in competition with Comal at a significantly lower price than Comal was charged for these products. Doc. 6, ¶ 10. Comal further alleges that Hoot performed these acts "to substantially lessen competition or to injure, destroy, or prevent competition between Comal and itself or these third-party purchasers." *Id.* at ¶ 11. Finally, Comal alleges that it has suffered "damages, including . . . loss of business income and loss of business reputation." *Id.* at ¶ 12.

Comal's claim appears to be one of secondary-line price discrimination under § 2(a) of the Robinson-Patman Act.[1] *See Volvo Trucks N. Am., Inc. v. Reeder-Simco GMC, Inc.*, 546 U.S. 164, 176 (2006) (outlining categories of price discrimination claims). To prevail, it must establish the following elements: (1) the sales were made in interstate commerce;

---

[1] As Hoot notes, Comal also alleges that it is in direct competition with Hoot. Doc. 6, ¶ 11. Comal may therefore be raising a primary-line discrimination claim as well.

(2) the seller discriminated in price between two purchasers; (3) the product sold to the competing purchasers was of the same grade and quality; and (4) the effect of the discrimination "may be . . . to injure, destroy, or prevent competition to the advantage of a favored purchaser . . . ." *Id.* at 176–77 (internal quotations omitted).

Hoot maintains that the claim falls short on the second and fourth elements. On the second, it notes that courts have required allegations of "two or more contemporaneous sales . . . at different prices[.]" *Oreman Sales, Inc. v. Matsushita Elec. Corp. of Am.*, 768 F.Supp. 1174, 1184 (E.D. La. 1991). It relies on *Aggarwal v. Sikka*, 2012 WL 12870349, at *6 (E.D. Va. Jun. 12, 2012), where the court dismissed a Robinson-Patman claim after the plaintiffs did not "identify a single favored purchaser with whom they are in direct competition" and instead merely speculated that such purchasers existed. On the fourth element, Hoot complains that Comal has not alleged specific facts regarding the impact of the price discrimination on its business.

The magistrate judge found that the claims were sufficiently detailed to allow Hoot to formulate a response, and that any further detail could be sought through discovery. Doc. 13. This court agrees as far as the damage allegations. On the second element, some courts have required plaintiffs to amend their pleadings and identify an allegedly favored competitor. *E.g.*, *Self v. Equilon Enterps., LLC*, 2005 WL 3763533, at *12 (E.D. Mo. Mar. 30, 2005) (citing *Chawla v. Shell Oil Co.*, 75 F.Supp.2d 626, 654 (S.D. Tex. 1999)). Here, however, the pool of competitors appears sufficiently limited to other wholesalers transacting with Hoot. Comal has plausibly alleged that at least one of these obtained better prices on Hoot's kits and therefore states a claim under the Robinson-Patman Act.

### 2. *Defamation claim*

On the defamation claim, Hoot complains that Comal has not alleged the specific author or contents of the defamatory statements. It also argues that Louisiana law does not recognize a cause of action for defamation on behalf of a for-profit corporation, much less a foreign one not authorized to conduct business in the state.

While the Louisiana Supreme Court has never addressed the issue, Louisiana circuit courts have held that a corporation has a cause of action for defamation based on damage to its business reputation. *E.g.*, *McConathy v. Ungar*, 765 So.2d 1214, 1218 (La. Ct. App. 2d Cir. 2000); *WHC, Inc. v. Tri-State Boring, Inc.*, 468 So.2d 764 (La. Ct. App 1st Cir. 1985). The defendant corporation's authorization to do business in the state appears to be of no relevance to the question of whether the tort can occur under the state's law, particularly when the alleged tortfeasor is a Louisiana company that engages in interstate commerce and is in a business relationship with the defendant.

As for the missing details, a plaintiff must allege the following elements to state a claim for defamation: (1) defamatory words; (2) publication to a third party; (3) falsity; (4) actual or implied malice; and (5) resulting injury. *Cangelosi v. Schwegmann Bros. Giant Super Markets*, 390 So.2d 196, 198 (La. 1980). For the first element, the plaintiff "must set forth in the petition with reasonable specificity the defamatory statements allegedly published by the defendant." *Badeaux v. S.W. Computer Bureau, Inc.*, 929 So.2d 1211, 1218 (La. 2006). It is not necessary for the plaintiff "to state verbatim the words on which he bases his cause of action," but he must allege a state of facts which would show fault under Louisiana tort law. *Id.* Conclusory allegations that fail to specify even the topic of

the statement will not suffice. *E.g.*, *Haygood v. Begue*, 2016 WL 1069685, at *7 (W.D. La. Mar. 16, 2016) (conclusory references to "false testimony" and defendant's "deeply negative" feelings towards plaintiff insufficient to show defamatory words); *Mullet v. Touro Infirmary*, 2019 WL 6527895, at *4 (E.D. La. Dec. 4, 2019) (allegation that employer had blackballed employee through "defamatory employment references" insufficient to state a claim for defamation).

As the magistrate judge already noted, details such as author and specific timing of the statements might be addressed through discovery. As for the content, Comal has only alleged that Hoot "published various defamatory, harmful, and/or slanderous statements" against it. Doc. 6, ¶ 20. These assertions are too vague to show a plausible claim for relief. Because Comal may be able to provide the necessary detail, however, the court will grant it time to amend as to this claim.

### III.
#### CONCLUSION

The Motion to Dismiss [doc. 16] will be denied, without prejudice to it being reasserted if Comal's amendment fails to cure the deficiencies described above in its defamation claim.

**THUS DONE AND SIGNED** in Chambers on this 22nd day of April, 2020.

**JAMES D. CAIN, JR.**
**UNITED STATES DISTRICT JUDGE**