UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | |
|---|---|
| **HOOT SYSTEMS LLC** | **CASE NO. 2:19-CV-00957** |
| **VERSUS** | **JUDGE JAMES D. CAIN, JR.** |
| **COMAL CONCRETE PRODUCTS INC** | **MAGISTRATE JUDGE KAY** |

## MEMORANDUM RULING

Before the court is a second Motion to Dismiss [doc. 33] filed by plaintiff Hoot Systems, LLC ("Hoot"), seeking dismissal under Federal Rule of Civil Procedure 12(b)(6) of counterclaims brought by Comal Concrete Products, Inc. ("Comal"). Comal opposes the motion. Doc. 38.

### I.
### BACKGROUND

This action arises from the business relationship between Hoot, a Louisiana limited liability company, and Comal, a Texas corporation. Hoot allegedly developed and patented the design for a residential aerobic waste treatment plant ("the LA-HOOT plant") and contracted with wholesalers, including Comal, to manufacture the concrete structures and sell the plants to installers around the United States. Doc. 1, att. 2, pp. 4–6. Under this agreement Hoot asserts that its profits came from the sale of electrical and plumbing kits to the wholesaler for use with the structures. *Id.* Hoot alleges that Comal breached the agreement beginning in 2009, when it began fabricating its own plumbing kits and then selling the plants to installers as "LA-HOOT plants." *Id.*

After Hoot became aware of these practices in 2013, the companies eventually came to a "commercial buy-back agreement" where Comal would discount the rate it charged Hoot for large commercial castings in order to make up for Hoot's lost profits on the unpurchased kits. *Id.* at 7. The arrangement broke down, however, and Hoot changed its policy in order to only sell single, combined electrical and plumbing kits to Comal. *Id.* Comal resumed purchasing its kits from Hoot until early 2019, when it sent express notice of its intent to terminate the agreement. *Id.* at 7–8. During this period, Hoot maintains that Comal "was actively working to switch [its] customers and designers/engineers to the use of non-LA-HOOT Plant design." *Id.*

Hoot then brought an action for, inter alia, breach of contract and sums due on open account against Comal in the Fourteenth Judicial District Court, Calcasieu Parish, Louisiana. Comal removed the suit to this court based on diversity jurisdiction, 28 U.S.C. § 1332. It also filed counterclaims for (1) price discrimination in violation of the Robinson-Patman Act, 15 U.S.C. § 13; (2) sums due on open account; and (3) defamation. *Id.* Hoot moved to dismiss the counterclaims and the court denied the motion, but ordered Comal to address certain pleading deficiencies in the defamation claim. Docs. 26, 27. Specifically, the undersigned noted that Comal's assertions of "various defamatory, harmful, and/or slanderous statements" were too vague to show a plausible claim for relief and that Comal must give some indication of the statements' content. Doc. 26, p. 7.

Comal has now filed an amended petition attempting to cure these deficiencies. Doc. 30. Hoot again moves for dismissal under Rule 12(b)(6), asserting that (1) Comal does not have a right of action for defamation, because the alleged statements are targeted towards

an individual officer/director of the company, and (2) the alleged statements are opinions entitled to protection under the First Amendment. Doc. 33, att. 2. Comal opposes the motion. Doc. 38.

## II.
## LAW & APPLICATION

### A. *Rule 12(b)(6)*

Rule 12(b)(6) allows for dismissal of a claim when a plaintiff "fail[s] to state a claim upon which relief can be granted." When reviewing such a motion, the court should focus on the complaint and its attachments. *Wilson v. Birnberg*, 667 F.3d 591, 595 (5th Cir. 2012). The court can also consider matters of which it may take judicial notice, including matters of public record. *Hall v. Hodgkins*, 305 Fed. App'x 224, 227 (5th Cir. 2008) (unpublished). Such motions are reviewed with the court "accepting all well-pleaded facts as true and viewing those facts in the light most favorable to the plaintiff." *Bustos v. Martini Club, Inc.*, 599 F.3d 458, 461 (5th Cir. 2010). However, "the plaintiff must plead enough facts 'to state a claim to relief that is plausible on its face.'" *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Accordingly, the court's task is not to evaluate the plaintiff's likelihood of success but instead to determine whether the claim is both legally cognizable and plausible. *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010).

*B. Application*

To state a claim for defamation under Louisiana law, a plaintiff must allege the following elements: (1) defamatory words; (2) publication to a third party; (3) falsity; (4) actual or implied malice; and (5) resulting injury. *Cangelosi v. Schwegmann Bros. Giant Super Markets*, 390 So.2d 196, 198 (La. 1980). For the first element, the plaintiff "must set forth in the petition with reasonable specificity the defamatory statements allegedly published by the defendant." *Badeaux v. S.W. Computer Bureau, Inc.*, 929 So.2d 1211, 1218 (La. 2006). It is not necessary for the plaintiff "to state verbatim the words on which he bases his cause of action," but he must allege a state of facts which would show fault under Louisiana tort law. *Id.* Conclusory allegations that fail to specify even the topic of the statement will not suffice. *E.g.*, *Haygood v. Begue*, 2016 WL 1069685, at *7 (W.D. La. Mar. 16, 2016) (conclusory references to "false testimony" and defendant's "deeply negative" feelings towards plaintiff insufficient to show defamatory words); *Mullet v. Touro Infirmary*, 2019 WL 6527895, at *4 (E.D. La. Dec. 4, 2019) (allegation that employer had blackballed employee through "defamatory employment references" insufficient to state a claim for defamation).

In the amended counterclaim, Comal points to various statements made by Hoot employee Ron Suchecki. Specifically, Comal alleges:

- In January 2019, Suchecki contacted Comal Customer A[1] and made "false and defamatory statements about Comal and its officers and directors, including Jerry Easter, an officer and director of Comal. On information and belief, Hoot, acting through Mr. Suchecki, falsely and defamatorily stated that Jerry Easter was of poor character and ill repute, including that Mr. Easter was 'no good' and that Customer A should not do business with Comal due to Mr. Easter's poor character." As a result, Customer A stopped doing business with Comal.

- In January or February of 2019, Suchecki made similar statements to Comal Customer B, "including that Mr. Easter was a 'no good S.O.B.' and that Customer B should not do business with Comal due to Mr. Easter's poor character."

- At a trade show occurring between February 28 and March 2, 2019, Sucheki contacted several of Comal's customers and vendors, including Customer C, and made "false and defamatory statements about Comal and its officers and directors, including Mr. Easter." Again, Suchecki stated that Easter "was of poor character and ill repute, and that these customers should not do business with Comal due to Mr. Easter's poor character."

---

[1] Comal uses these designations in its amended complaint in reservation of its right to object to the public disclosure of its customer list. It states that it is willing, however, to disclosing customer information relevant to its defamation claim in discovery pursuant to a protective order. Doc. 30, p. 2 n. 1.

- Between January and March 2019, Suchecki made similar statements regarding Comal and Easter to Comal customers/vendors, including Customers D, E, and F.
- As a result of these statements, Comal suffered damages including loss of business income and loss of business reputation.

Doc. 30, pp. 2–3.

Hoot first argues that the defamation claim fails because only specific defamatory statements are targeted towards Easter rather than his employer. As it notes, Louisiana courts have long held that a cause of action for defamation "is personal to the party defamed." *Johnson v. KTBS, Inc.*, 889 So.2d 329, 333 (La. Ct. App. 2d Cir. 2004) (citing *Coulon v. Gaylord Broadcasting*, 433 So.2d 429 (La. Ct. App. 4th Cir. 1983)). Therefore a party generally cannot recover based on a defamatory statement made about another, even if that statement indirectly inflicts some injury on the party seeking recovery. *Id.* A statement may refer to one person but defame another, however. *See Restatement (Second) of Torts* § 564(e). Accordingly, a corporation may recover for defamation based on statements against an employee when the corporation's business is inextricably tied to the employee's personal reputation. *Gorman v. Swaggart*, 524 So.2d 915, 919 (La. Ct. App. 4th Cir. 1988).

Here Comal was allegedly defamed by statements that its officer, Jerry Easter, had a dishonest character and that current and prospective clients should not do business with him or his employer as a result. "Because of its very nature a corporation can act only through individuals." *Chanel, Inc. v. Italian Activewear of Fla., Inc.*, 931 F.2d 1472, 1477

(11th Cir. 1991). Comal's business is inextricably tied to the reputations of its corporate officers in business dealings. Statements impugning Easter's honesty and character as a businessman are thus defamatory against the company itself, and this argument shows no right to relief for Hoot.

Hoot also argues that the statements cited above are protected opinions and thus not actionable as defamation. "Generally, a communication is defamatory if it tends to harm the reputation of another so as to lower the person in the estimation of the community, to deter others from associating or dealing with the person, or otherwise exposes a person to contempt or ridicule." *Fitzgerald v. Tucker*, 737 So.2d 706, 716 (La. 1999). However, such a statement will not be actionable if it is "a pure statement of opinion, which is based totally on the speaker's subjective view and which does not expressly state or imply the existence of underlying facts . . . ." *Bussie v. Lowenthal*, 535 So.2d 378, 381 (La. 1988). This is because, without an assertion of fact, the statement cannot be characterized as false – a necessary element for a defamation claim. *Id.*

"In order for a statement of opinion to be actionable in defamation on the grounds that it gives rise to a defamatory factual inference, the factual inference created by the statement must be ascertainable by a reasonable person with some degree of certainty." *Tingle v. Hebert*, 305 F.Supp.3d 678, 693 (M.D. La. 2018) (quoting *Bussie*, 535 So.2d at 382–83). On this reasoning courts have denied defamation claims based on statements characterizing a business as a "cut rate shop" or warning a lender to "stay away from [a] project" because the plaintiff was "a bad person." *Sigur v. Emerson Process Mgmt.*, 2007 WL 1891124, at \*4 (M.D. La. Jul. 2, 2007); *Marshall Investments Corp. v. R.P. Carbone*

*Co.*, 2006 WL 2644959, at *3 (E.D. La. Sep. 13, 2006) (internal quotations omitted). In both cases, the statements were related by individuals who might be positioned to know something of the plaintiff's business dealings. Nevertheless, the courts found that they did not imply any false misstatements of fact and instead could only be reasonably understood as the speaker's opinion.[2]

As another court recently emphasized, "when one suggests that he had a bad experience dealing with another person, clearly this is an evaluative statement reflecting his view; a paradigm of opinion." *CMP, LLC v. Railway Spine Prods., LLC*, 2016 WL 5803141, at *4 (E.D. La. Oct. 5, 2016). "[Such a] statement, which conveys no facts, is merely a comment that is not capable of being objectively characterized as true or false." *Id.* The assertion by a Hoot employee that Comal's officer is of poor character and undesirable as a business associate is no more capable of objective characterization than an assertion that a professor neglects her students' academic needs, that a football player "did not put in as much work as other players" and "was the worst kicker on the team," or that an individual is "lazy" and does not want to work. *See Sanders v. Dillard Univ.*, 2014 WL 7342440, at *8 (E.D. La. Dec. 23, 2014); *Purcell v. Tulane Univ. of La.*, 2017 WL 2311735, at *4 (E.D. La. May 26, 2017); *Singleton v. St. Charles Parish*, 833 So.2d 486,

---

[2] Comal also attempts to distinguish opinion cases from this matter because it alleges that "Hoot made the defamatory statements about Mr. Easter to Comal's customers as a factual basis for why Comal was bad for business and Comal's customers should not do business with Comal." Doc. 38, p. 8. As noted above, however, the court has found no factual assertions underlying Mr. Suchecki's alleged statements. Additionally, *Sigur* and *Marshall* show that assertions of pure opinion remain beyond the reach of defamation claims even when personal or professional reputation relates to business interests.

496 (La. Ct. App. 5th Cir. 2002). Accordingly, it is not actionable as defamation and the court need not consider Hoot's other arguments.

### III.
#### CONCLUSION

For the reasons stated above, the second Motion to Dismiss [doc. 33] will be **GRANTED** and the defamation counter-claim will be **DISMISSED WITH PREJUDICE**.

**THUS DONE AND SIGNED** in Chambers on this 24th day of July, 2020.

**JAMES D. CAIN, JR.**
**UNITED STATES DISTRICT JUDGE**